IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                             CIVIL NO. 11-708-DRH-DGW

ONE REMINGTON ARMS COMPANY,
INC., MODEL 7400 RIFLE .270 WIN
CALIBER, BEARING SERIAL NUMBER
8556430; et al.,

Defendants.

## MEMORANDUM and ORDER

HERNDON, Chief Judge

### I. Introduction

Now before the Court is *pro se* litigant, Angela Coleman's motion for property to be returned which the Court construes as a motion to set aside default judgment regarding the civil forfeiture of several firearms. (Doc. 13). The United States of America filed a response (Doc. 15). Based upon the pleadings, the applicable law and the following, the Court **DENIES** the motion to set aside default judgment.

### II. Background

On August 17, 2011, the Government filed a complaint seeking the forfeiture of firearms which were in the possession of Joe Coleman, who committed the offense of possessing the firearms while unlawfully using controlled substances (Doc 15). The declaration attached to the complaint

stated that Joe Coleman had access to the firearms but that they belonged to his wife, Angela Coleman (Doc. 15).

Notice of the forfeiture was sent by regular and certified mail directly to Joe and Angela Coleman on September 30, 2011 (Doc. 15). The notice specified that anyone receiving the direct notice that wanted to contest the forfeiture had to file a claim under penalty of perjury by November 4, 2011 (Doc. 15).

On November 7, 2011, the United States Attorney's Office received a letter dated November 3, 2011, from Angela Coleman, responding to the notice she received via direct mail (Document 15; Document 15-1).

On November 14, 2011, Michael Thompson, an Assistant United States Attorney, sent a letter in response to Angela Coleman's communication advising her that she had to file a claim, under oath, with the Court and recommended that she consult with an attorney (Doc. 15). Mr. Thompson further informed Mrs. Coleman that he would wait an additional fifteen days from the date of the letter to afford Mrs. Coleman the opportunity to file a claim (Doc. 15, p. 3).[1]

Mrs. Coleman did not file a claim until June 7, 2013 (Doc. 13).

In late 2012, Mr. Coleman telephoned Carmalee Korte, Mr. Thompson's assistant, and asked for Mr. Thompson to call him back (Doc. 15, p. 3). Instead of contacting Mr. Coleman directly, Mr. Thompson sent

---

[1] The letter incorrectly advised Mrs. Coleman to file her claim with the Clerk at the office in Benton, not the office in East St. Louis. Nonetheless, it is the policy of the Clerk's Office in Benton to forward any pleading regarding matters in East St. Louis to the East St. Louis office.

an email communication on December 9, 2012, to attorney Clifton Kent Verhines,[2] requesting Mr. Verhines to advise Mr. Thompson if he could speak directly to Mr. Coleman or if he should communicate to Mr. Coleman only through his attorney (Doc. 15, p. 3; Doc. 15-3). Mr. Thompson never received a response from Mr. Verhines (Doc. 15, p. 3).

Subsequently, Mr. Thompson was informed that Mr. Coleman was actually being represented by attorney James L. Karraker (Doc. 15). On December 19, 2012, Mr. Thompson emailed Mr. Karraker regarding whether or not Mr. Thompson should speak directly with Mr. Coleman (Doc. 15). Mr. Thompson never received a response from Mr. Karraker (Doc. 15).

On December 21, 2012, Mr. Thompson filed a report with the Court (Doc. 5). On May 9, 2013, the Government moved for judgment and decree for forfeiture (Doc. 10). Thereafter, the Court granted the judgment and decree of forfeiture on May 10, 2013 (Doc. 12).

Shortly after the Judgment and Decree for forfeiture had been entered, Mrs. Coleman contacted Mr. Thompson and she indicated that Mr. Coleman had been in contact with Mr. Coleman's attorney (Doc. 15). Mr. Thompson advised Mrs. Coleman that he could not communicate with her while she was represented by counsel unless Mr. Thompson had her counsel's consent (Doc. 15). Mr. Thompson received no further contact

---

[2] Clifton Kent Verhines was believed to be representing Mr. Coleman in a related criminal matter in the United States District Court for the Southern District of Illinois—*United States v. Coleman,* Cause No. 11-cr-40011-JPG.

from Mr. or Mrs. Coleman or their attorney except for the filing of the motion for property to be returned on June 7, 2013 (Doc. 15).

## II. Analysis

Rule 55(c) states, "[f]or good cause shown the court may set aside an entry of default." However, once a default judgment is entered, the movant must satisfy the criteria of Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order of proceedings for the following reasons:
> 1) mistake, inadvertence, surprise, or excusable neglect;
> 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
> 4) the judgment is void;
> 5) the judgment has been satisfied, release or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6) any other reason that justifies relief.[3]

**Rule 60(b)(1)**

To set aside a default judgment under Rule 60(b)(1), Mrs. Coleman must overcome a "high hurdle" and demonstrate "something more compelling than ordinary lapses or diligence or simple neglect." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). To overcome the "high hurdle,"

---

[3] There is nothing to suggest from Mrs. Coleman's motion that Rules 60(b)(2), (3), (4), or (5) are relevant. Therefore, the Court will analyze the motion to set aside default judgment under Rule 60(b)(1) and Rule 60(b)(6).

Mrs. Coleman must fulfill all of the components of a standard three-part test that has been developed by showing 1) good cause for the default; 2) quick action to correct the default; and 3) the existence of a meritorious defense to the original complaint.[4]  *Id.* at 162.

1.  Good Cause

With regard to the first prong of the test, Mrs. Coleman has not alleged any reason for why she failed to file a claim or other responsive pleadings in the forfeiture action.  If Mrs. Coleman intended to contest the forfeiture action, she was obligated to file a claim with the Court by November 4, 2011.  Instead of filing a claim with the Court, Mrs. Coleman sent a letter to Thompson, which was received after the required filing date.  At that point, the government could have proceeded with obtaining a default, but instead advised Mrs. Coleman that she had to file a claim with the Court and extended the filing deadline to November 29, 2011.  Mrs. Coleman did not meet the extended filing deadline and the government did not move for default until February 7, 2013.  Thereafter, the government moved for a judgment and decree of forfeiture, which was granted on May, 10, 2013.  Mrs. Coleman for the first time filed a motion for property to be returned on June 7, 2013, well over a year after receiving notice of the forfeiture action, and has proffered no explanation for why she did not

---

[4] While *pro se* complainants receive various procedural protections, "they are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *U.S. v. Minson,* 13 Fed.Appx. 416, 418 (7th Cir. 2001) (citing *Jones v. Phipps,* 39 F.3d 158, 1623 (7th Cir. 1994)).

timely file a claim. Mrs. Coleman is unable to establish the first prong of three-part test.

2. Quick Action

After entry of a judgment or order or date of the proceeding, Mrs. Coleman had one year to file a motion under Rule 60(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(c)(1). A judgment and decree of forfeiture was granted on May, 10, 2013, and Mrs. Coleman took quick action to correct the default by filling her motion for property to be returned on June, 7, 2013. Mrs. Coleman satisfied the second component of the three-part test.

3. Meritorious Defense

The complaint sought forfeiture of several firearms which were in the possession of Joe Coleman, who committed the offense of possessing them when he was an unlawful user of controlled substances. Mrs. Coleman asserts three defenses to the complaint. The first defense alleged by Mrs. Coleman is that Joe Coleman was not a felon, but was on deferred adjudication. The Court finds that is not a defense to being an unlawful user of controlled substances while possessing firearms. Mrs. Coleman's first defense fails.

Next, Mrs. Coleman alleged that the search performed was illegal because the government did not have a search warrant. However, the declaration attached to the forfeiture complaint reveals that Mr. Coleman

provided both oral and written consent to the search, and that a warrant was not required. Mrs. Coleman's second defense fails.

Finally, Mrs. Coleman alleged that the guns were marital property and that she possessed and possesses a valid firearms card. The mere fact that Mrs. Coleman may have an ownership interest in the property does not insulate the property from forfeiture. Mrs. Coleman would have needed to file a claim and prove facts that establishes an innocent owner defense under 18 U.S.C. § 983(d), which she has not done. Mrs. Coleman's third defense fails.

Because Mrs. Coleman cannot satisfy each element of the three-pronged test under Rule 60(b)(1) of the Federal Rules of Civil Procedure, Mrs. Coleman's motion to set aside a default judgment is **DENIED**.

**Rule 60(b)(6)**

If the ground for relief from the prior judgment does not fall within one of the specific categories enumerated in Rule 60(b)(1)-(5), then relief may be available under the catchall provision of Rule 60(b)(6). *Arrieta v. Battaglia,* 461 F.3d 861, 865 (7th Cir. 2006). If the basis for relief lies within the first three clauses of Rule 60(b), then relief under Rule 60(b)(6) is not available. *Id.* The Court believes Mrs. Coleman's ground for relief is categorized under Rule 60(b)(1), which would make unavailable relief under Rule 60(b)(6). Nonetheless, relief under Rule 60(b)(6) requires "'extraordinary circumstances' justifying the reopening of a final judgment."

*Id.* As previously mentioned, Mrs. Coleman has not asserted any argument for why she failed to file a claim or other responsive pleadings in the original forfeiture action. Thus, even if Mrs. Coleman's ground for relief is not categorized under Rule 60(b)(1), her ground for relief would still fail under Rule 60(b)(6). Because Mrs. Coleman cannot demonstrate that there are extraordinary circumstances that would justify relief, the motion to set aside a default judgment is **DENIED**.

### III. Conclusion

Accordingly, the Court **DENIES** the motion for property to be returned which the Court construes a motion to set aside default judgment (Doc 13).

**IT IS SO ORDERED**.

Signed this 2nd day of October, 2013.

Digitally signed by David R. Herndon
Date: 2013.10.02 10:40:24 -05'00'

**Chief Judge**
**United States District Court**